# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ZINAYA GAIA, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 4:19-CV-2670 JCH |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion for leave to proceed in forma pauperis filed by *pro se* plaintiff Zinaya Gaia. ECF No. 3. Because this filing does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the Court will direct plaintiff to file an amended application or pay the full filing fee. The Court warns plaintiff that her failure to comply with this Order could result in dismissal of this action.

### Background

On September 12, 2019, plaintiff Zinaya Gaia, otherwise known as Clarissa Marie Evans, filed a fifty-page document with the Court titled "Notice of Tort Claim and Opportunity to Cure." ECF No. 1. Plaintiff claims to be a "creditor" against "Debtor[s]" United States of America, State of Missouri, St. Peters Police Department, Maryland Heights Police Department, Missouri State Highway Patrol, St. Charles County Police Department, St. Charles County Courthouse, Judge Joel David Brett, and Donald L. Kohl. *Id.* at 1.

On October 1, 2019, the Court issued an Order directing plaintiff to either pay the $400 filing fee or file a motion to proceed without prepayment of fees and costs. ECF No. 2. In response, plaintiff filed the court-form "Application to Proceed in District Court Without Prepaying Fees and Costs" but she filled in all the blanks on the form with "N/A" except for the

case number field. ECF No. 3. Included with the form Application, plaintiff attached a document titled "Affidavit to Proceed without Payment" which states that the filing fee should be waived because:

1) Pursuant to Article 1 section ten of the U.S. Constitution nothing shall be tender for payment but silver and good coin
2) According to supreme court justice William Brennan there is no charge for claims against the government.
3) Pursuant to HJR192 no debt can be lawfully paid.
4) Pursuant to 12 USC SECTIONS 210.10 and 210.12; debt can only be discharged.
5) Per executive order 6102 our ability to pay our debts has been abolished.

*Id.* at 3. This "Affidavit" contains an unreadable signature and fingerprint – presumably belonging to plaintiff. Plaintiff included four additional pages with her Application that contain accusations against the U.S. Postal Service that seem to have no relation to her request to proceed without payment of the filing fee. *Id.* at 4-8. On October 24, 2019, plaintiff filed a supplement to her Application that appears to contain the same information as the first three pages of her original filing. ECF No. 5.

Because mail sent to plaintiff was returned as undeliverable, the Court issued a Show Cause Order on November 27, 2019, directing plaintiff to update the Court with her current mailing address. ECF No. 7. Plaintiff responded that her mailing address has not changed since she filed this action. ECF No. 8. The Clerk of Court subsequently updated the docket sheet to include a "c/o" in the plaintiff's address, to hopefully cure the mailing problem.

**Discussion**

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing in forma pauperis which is not accompanied by an

affidavit as required by 28 U.S.C. § 1915(a).  E.D. Mo. L.R. 2.05(C).  Under 28 U.S.C. § 1915(a)(1), the affidavit should include "a statement of all assets."

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  In forma pauperis status is a matter of privilege, not of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, the Court cannot assess whether plaintiff should be granted in forma pauperis status because she has not provided the Court with any financial information.  Plaintiff's "N/A" responses are inadequate to convey her personal financial situation and her attached "Affidavit" is just a series of nonsensical legal references.  Plaintiff did not include a list of all assets as required under the statute.

The Court notes that in plaintiff's initial filing with the Court she describes herself as "secure party creditor Zinaya Gaia" and "an American in sovereign."  ECF No. 1 at 2.  Plaintiff's alleged individual sovereignty does not excuse her from following the Local Rules of this Court, especially since claims of this "sovereignty" nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-

67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

As a result of plaintiff's failure to provide the required financial information, the Court cannot rule her motion to proceed in forma pauperis in this matter. In forma pauperis status is a privilege and not a right. Plaintiff must either provide the required financial information or pay the full filing fee in order for this case to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send plaintiff a blank 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or submit the completed Application to Proceed in District Court without Prepaying Fees or Costs, in accordance with the instructions set forth herein, within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice from the Court.

Dated this 11th day of December, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE