# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ZINAYA GAIA, )
)
    Plaintiff, )
)
    vs. )     Case No. 4:19-CV-2670 JCH
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the two motions of self-represented plaintiff Zinaya Gaia, otherwise known as Clarissa Marie Evans, for leave to commence this action without prepayment of the required filing fee. Because the Court found plaintiff's first motion to proceed *in forma pauperis* (ECF No. 3) failed to comply with the Local Rules of this Court and the federal statute under which it may be granted, the Court directed plaintiff to file a new motion. *See* ECF No. 9. Having reviewed the new motion (ECF No. 10) and the financial information submitted in support, the Court will grant the new motion and deny the first motion as moot. *See* 28 U.S.C. § 1915(a)(1). Furthermore, as discussed below, the Court will dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the

elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* (internal quotations omitted). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## Background

On October 1, 2019, the Court issued an Order directing plaintiff to either pay the $400 filing fee or file a motion to proceed *in forma pauperis*, otherwise known as a motion to proceed without prepayment of fees and costs. ECF No. 2. In response, plaintiff filed the court-form motion to proceed without prepayment but she filled in all the blanks on the form with "N/A" except for the case number field. ECF No. 3. On October 24, 2019, plaintiff filed a supplement to her motion that appeared to contain the same information as the first three pages of her original filing. ECF No. 5.

On December 11, 2019, the Court issued an Order finding that plaintiff's motion to proceed *in forma pauperis* violated the Local Rules of this Court and the federal statute under which it could be granted, because it did not contain any personal financial information about plaintiff. *See* ECF No. 9. As a result, the Court directed plaintiff to either file a new motion with the required financial information or to pay the full filing fee. On December 23, 2019, plaintiff filed the court-provided motion to proceed *in forma pauperis*, informing the Court that she is unemployed. ECF No. 10. Based on this financial information, the Court will grant plaintiff's second motion to proceed *in forma pauperis*, and deny the first motion as moot.

Plaintiff attached to her second motion a page titled "Affidavit of Negative Advernment." ECF No. 10 at 3. In this attachment, plaintiff argues that the Court was unjustified in its request that she file a second motion, stating that everything was "correct and lawful" in her first motion and as a result, the Court has denied her due process. *Id.* at 3. According to plaintiff, the Court

is "trying to charge [her] with unlawful money" which is "against the constitution." *Id.* Plaintiff describes the Court as "unjust;" claims that she has been "violated and mistreated by [the Court] system;" and seems to threaten to add this Court to her list of defendants in this matter. *Id.*

### The Complaint

On September 26, 2019, plaintiff Zinaya Gaia, otherwise known as Clarissa Marie Evans, filed a fifty-page document with the Court titled "Notice of Tort Claim and Opportunity to Cure."[1] ECF No. 1. Plaintiff claims to be a "creditor" against "Debtor[s]" United States of America, State of Missouri, St. Peters Police Department, Maryland Heights Police Department, Missouri State Highway Patrol, St. Charles County Police Department, St. Charles County Courthouse, Judge Joel David Brett, and Donald L. Kohl. *Id.* at 1.

It is incredibly difficult to decipher the claims of plaintiff's long complaint. The complaint contains no clear statement of facts nor a clear, valid legal authority or theory. Plaintiff states the date of injury as "04-1-2019," however the incidents she details in her complaint range in date from May 2018 to August 2019. Plaintiff begins with her request for relief in the amount of "$19,719,200,000 (NINETEEN BILLION, SEVEN HUNDRED NINETEEN MILLION, TWO HUNDRED THOUSAND lawful us silver Dollars)." ECF No. 1 at 2. As a "Presettlement Offer," plaintiff offers to accept half this dollar amount immediately and the remainder over five years, plus other conditions which include: vacating all cases

---

[1] The Court notes that many of the allegations of the complaint involve both plaintiff and Malak Baalim, a plaintiff in another case that was recently dismissed by the Court. *See Baalim v. United States of America*, No. 4:19-CV-2569-AGF (E.D. Mo.) (dismissed Jan. 15, 2020, under 28 U.S.C. § 1915(e)(2) for frivolity and failure to state a claim). In fact, many of the same exact pages of the complaint – containing both plaintiff and Baalim's signatures – were filed in both matters. *See id.* at ECF No. 1 at 7-16, 18-19, 21, 23.

involving her, placing her name on the "Do Not Stop or Detain" list, releasing an escrow account to her, and transferring a list of properties to her and her organization. *Id.*

The next page of the complaint is a one-page "Affidavit of Notice of Default and Opportunity to Cure" in which plaintiff alleges that the defendants agreed to contract terms with her but their silence in response to plaintiff's demands on these terms "established irrevocable debt." ECF No. 1 at 3. Plaintiff claims she served defendants by certified mail with her claims and because they have not responded in ten days, her complaint serves as a "notice of default" against them. Plaintiff states that this is "based on gods law per Hebrews 6:16-17" and that she has the power to issue default under "universal principles mandated by the maxims of commercial law; which is God's law." *Id.*

The next eighteen pages of the complaint are titled "Affidavit of Negative Adverment" and they contain numerous random and unrelated allegations of wrongdoing by a variety of people, companies, courts, and police departments. *See* ECF No. 1-1 at 1-18. Most of these pages are the same pages included in the *Baalim* complaint and involve incidents where both plaintiff and Baalim were present. The Court notes that many of the situations plaintiff complains about, do not involve any of the named defendants. In the majority of the incidents described, plaintiff and Baalim explain their "sovereign status" to people and they do not get the response they would like. As a result, plaintiff claims her rights have been violated by these people and that she has a "uniform commercial code" claim against them.

For example, plaintiff describes multiple encounters with the police where the police request to see her driver's license and/or vehicle registration. In response, plaintiff explains her "sovereign status" and her "right to travel." Plaintiff and Baalim allege that police officers from at least eighteen different local municipalities have "interfere[d] with the pursuit of [their]

happiness … [and] violated uniform commercial code," in that plaintiff and Baalim "intend to travel this entire continent and all who [wear] the uniform with gun and badge is a threat to [their] safety as [they] travel as American nationals." ECF No. 1-1 at 16.  After receiving tickets from multiple police officers, plaintiff simply mails them back to the police department with a warning to "cease and desist."  Due to this method of handling tickets, it seems that plaintiff has been arrested and booked by the police in subsequent encounters because of her failure to appear in response to the original tickets issued.  *Id.* at 17.

However, plaintiff does not only discuss her "sovereign status" with the police.  She and Baalim explains it to a hotel clerk "to make her aware not to violate [their] human rights;" to a towing company operator in an attempt to avoid paying the cost to reclaim their vehicle; and to a bank representative in an attempt to open an account without driver's licenses.  ECF No. 1-1 at 2, 5, 7.

There are three pages in the Negative Adverments section of the complaint that involve only plaintiff; they are not also signed by Baalim and are not included in the complaint dismissed in the *Baalim* case.  *See* ECF No. 1-1 at 1, 13-14.  One page describes an incident where plaintiff was detained by Maryland Heights police officers and after she did not "comply with their orders" regarding showing identification, they used "extreme force" in arresting her.  Plaintiff was fingerprinted and released.  *Id.* at 1.  The other two pages describe a similar incident where plaintiff was stopped by police and asked for identification.  After explaining her "sovereign" status and "right to travel," she refused to show identification.  Plaintiff was arrested, fingerprinted, and then transferred to another police department where there was a pending warrant.  Plaintiff was warned that if she did not appear in court, she "would have to do this all ever again."  *Id.* at 13-14.  Plaintiff again returned the tickets to the police through the mail.

The remaining twenty-five plus pages of plaintiff's complaint lists over seventy different people and organizations, including local police departments, police officers, judges, prosecutors, and many municipal courts. ECF No. 1-1 at 19-45. For each listed, the plaintiff states the alleged damages owed to her. She seeks a range between millions to billions of dollars from each one. *Id.*

### Discussion

Having reviewed and liberally construed plaintiff's pleadings, the Court finds that plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted. It is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2).

Federal courts are courts of limited jurisdiction and plaintiff's claim that she brings her complaint under "God's laws" is not sufficient to establish a valid, legally cognizable claim in federal court. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. The allegations of plaintiff's complaint fail to state a claim upon which relief may be granted.

As the Court noted in its Order issued December 11, 2019, plaintiff describes herself repeatedly as a "sovereign" throughout her complaint. Plaintiff also asserts that judicial courts lack jurisdiction over her. Claims of this "sovereignty" nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous

an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

Additionally, the Court finds many statements in the complaint to be fanciful and perhaps delusional. Plaintiff's request for relief in the amount of "$19,719,200,000 (NINETEEN BILLION, SEVEN HUNDRED NINETEEN MILLION, TWO HUNDRED THOUSAND lawful us silver Dollars)" against defendants whose "silence has established irrevocable debt … based on gods law," is nonsensical and "rise[s] to the level of the irrational or the wholly incredible." ECF No. 1 at 2; *Denton*, 504 U.S. at 33. The Court finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to proceed *in forma pauperis* [ECF No. 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's first motion to proceed *in forma pauperis* [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of January, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE